ISMAEL BRAVO ACEVEDO, demandante y recurrido, *v.* MA-
TILDE BADILLO ROLDÁN, demandada y recurrente.

*Número:* R-68-46    *Resuelto:* 18 de junio de 1969

*Héctor Reichard y Héctor Reichard, Jr.,* abogados del recurrente;
*José Veray, Jr.,* abogado del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Hernández
Matos como Presidente de Sala y los Jueces Asociados Seño-
res Santana Becerra, Dávila y Torres Rigual.

### SENTENCIA

Según determinaciones de hecho de la Sala sentenciadora,
en 18 de junio de 1953 y por escritura Núm. 181 otorgada
en Aguadilla ante el Notario Héctor Reichard, Gregorio
Ramos Soto segregó de una finca de mayor cabida una por-
ción de cinco cuerdas y la vendió a Agustín Martínez Arvelo.
En la escritura de segregación se hizo constar por el ven-
dedor Gregorio Ramos Soto que la finca principal de la cual
se segregó esta porción estaba atravesada de este a oeste
por un canal de riego privado que se suplía de un lateral
del Servicio de Riego de Isabela, y que el comprador Agustín

Martínez Arvelo quedaba obligado a respetar el derecho que el vendedor Ramos Soto tenía a recibir agua para el resto de la finca del lateral situado en la parte segregada y vendida; y que esta obligación se consideraba como parte del precio por el cual se vendió dicha parcela. No aparece alegado ni lo determinó la Sala, que esta escritura de segregación con la expresión referida fuera inscrita en el Registro de la Propiedad.

Por escritura Núm. 193 otorgada en Aguadilla el 29 de julio de 1955 ante el Notario Héctor Reichard, el remanente de la finca fue vendido por Ramos Soto al demandante-recurrido Ismael Bravo Acevedo.

Por escritura Núm. 43 otorgada en Aguadilla el 16 de mayo de 1956 ante el Notario Manuel A. García Hermida, Agustín Martínez Arvelo y su esposa vendieron al demandado-recurrente Matilde Badillo Roldán la porción de cinco cuerdas adquirida según se ha expresado. En esta escritura no se le impone al comprador demandado-recurrente obligación alguna respecto al regadío del resto de la finca ni se menciona ese hecho. Esta escritura en virtud de la cual el demandado-recurrente obtuvo título sobre las cinco cuerdas aparece inscrita al folio 145 vuelto del tomo 109, finca Núm. 5199, inscripción tercera, y por todo gravamen se hace constar que está afecta a una hipoteca a favor del portador de pagaré.

En este pleito el demandante Bravo como dueño ahora del remanente de la finca, reclamó del recurrente daños y perjuicios montantes a $4,300 por no haber respetado el recurrente la cláusula que se impuso Martínez Arvelo en la escritura de adquisición. La Sala sentenciadora resolvió como cuestión de derecho que el demandado era responsable al demandante por no haber respetado dicha cláusula y, habiendo determinado que con ello causó daños al demandante, condenó al demandado a pagarle la suma de $3,450 más costas y $300 de honorarios de abogado.

██ Es evidente el error cometido y señalado en este recurso. El demandado nada contrató ni a nada se obligó con el demandante respecto al regadío, ni tampoco con el anterior dueño, antecesor en título del demandante, a favor de quien Martínez Arvelo se comprometió a suplir agua. Habiéndose inscrito el título del demandado, puede presumirse que estaba también inscrito el de su vendedor Martínez Arvelo, aunque expresamente esto no aparece del récord. Aun cuando el Registrador hubiera dado asiento en el Registro a la referida obligación de Martínez Arvelo para con el anterior dueño de la finca, cosa que no esta probada, tal asiento, erróneo de haberse hecho, no afectaría el derecho del demandado por tratarse de una obligación personal y no un gravamen sobre la finca. Tampoco tendría el efecto jurídico, en cuanto a un tercero, de la constitución de una servidumbre. Ni por razón del Registro ni por razón de haberse obligado personalmente, ninguna obligación ha incurrido el demandado que fuera exigible, ni por el anterior dueño de la finca ni por su sucesor en título el aquí demandante-recurrido.

Se revoca la sentencia dictada por la Sala de Aguadilla del Tribunal Superior en 14 de diciembre de 1967, y se dicta otra declarando sin lugar la demanda, con las costas, y el pago al demandado-recurrente de $300 de honorarios de abogado ante el tribunal de instancia.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*